PEDDER *v.* KALISH

1. COMPROMISE AND SETTLEMENT—AGREEMENT IN COURT—BINDING
   EFFECT.
   Agreements and consents between litigants are binding when
   made in open court, as provided by court rule; therefore, liti-
   gants are not free to disregard a settlement agreement know-
   ingly entered into on the court record and, as to which, mis-
   take, fraud, or unconscionable advantage is not claimed
   (GCR 1963, 507.9).

2. COMPROMISE AND SETTLEMENT—CONCLUSIVENESS—PERFORMANCE.
   A compromise and settlement is conclusive as to all matters in-
   cluded, it merges and bars all included claims and pre-existing
   causes of action and, to have such effect, it is not necessary
   that the compromise shall have been performed.

3. COMPROMISE AND SETTLEMENT—EVIDENCE TO VOID.
   Compromises of pending controversies are favored by courts and
   will be voided only on satisfactory evidence of mistake, fraud
   or unconscionable advantage.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 April 8, 1970, at Detroit. (Docket No. 7,374.)  Decided September 30, 1970.

Complaint by Jack Pedder, Charles Chmielewski, Charles McCracken, and Owens Welding Company against Adam Kalish and Robert White, partners doing business as Adams Welding Company, for breach of fiduciary duties, violation of the corpo-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Compromise and Settlement § 20 *et seq.*
[3] 15 Am Jur 2d, Compromise and Settlement § 28 *et seq.*

rate opportunities doctrine and other wrongs, and for the value of stock received. Defendants counterclaimed for payment under a buy-sell agreement. Plaintiffs' motion for judgment pursuant to a stipulated settlement was denied. Defendants' motion for an order declaring the proposed settlement void was granted. Plaintiffs appeal by leave granted. Remanded.

*Lemberg & Gage (Lawrence A. Dubin,* of counsel), for plaintiffs.

*Katsoulos & Gillis,* for defendants.

Before: J. H. Gillis, P. J., and V. J. Brennan and Weipert,* JJ.

Weipert, J. This case comes into this Court by leave granted from an interlocutory order of the Circuit Court for the County of Oakland pursuant to GCR 1963, 806.2.

Plaintiffs brought suit against defendants, former employees of the plaintiffs, for breach of fiduciary duties, violation of the corporate opportunities doctrine, and other wrongs, and for the value of stock received. Defendants filed a counterclaim for payment under a buy-sell agreement. After numerous motions had been ruled upon, on December 16, 1968, the parties were in court on a motion to have a receiver appointed for the defendant-partnership *pendente lite.* Following protracted settlement discussion in chambers with the trial judge and with plaintiffs and defendants, the attorneys proceeded in open court to make a record of an agreement which had been reached.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

During the 90-day period provided for the consummation of the agreement out of court, the defendants' attorney withdrew from the case and defendants, through new counsel, expressed unwillingness to abide by the settlement terms to which they had expressly concurred in open court. Plaintiffs then moved for judgment pursuant to the stipulated settlement, and defendants moved to void the agreement on the ground that they "exercised their right not to perform under this agreement". Although the trial court expressly found that the agreed "terms of the settlement" had been put on record and were a "stipulation clear enough to be reduced to writing and to be executed", the agreement was declared void and the case continued on the trial calendar on the ground that the court "cannot infer a consent judgment from the record of these proceedings".

We cannot agree that litigants are free to disregard a settlement agreement knowingly entered into on the court record and, as to which, mistake, fraud, or unconscionable advantage is not claimed.

"A valid compromise and settlement is final, conclusive, and binding upon the parties; it is as binding as any contract the parties could make, and as binding as if its terms were embodied in a judgment; and, regardless of what the actual merits of the antecedent claim may have been, they will not afterward be inquired into and examined." 15 Am Jur 2d, Compromise and Settlement, § 21, p 956.

A compromise and settlement is conclusive as to all matters included. It merges and bars all included claims and pre-existing causes of actions. To have such effect "it is not necessary that the compromise shall have been performed." 5 Michigan Law & Practice, Compromise and Settlement,

§ 6, citing cases. That agreements and consents between parties litigant are binding when made in open court, see GCR 1963, 507.9.

When a settlement was arrived at in the case at bar, it might have taken the form of a judgment of the court or an agreement embodying its terms, signed by the parties. Owing to the change of attorneys by defendants, the latter course although expressly agreed to was not consummated. Compromise of pending controversies are favored by the courts and will only be voided on satisfactory evidence of mistake, fraud, or unconscionable advantage. *Prichard* v. *Sharp* (1883), 51 Mich 432; *Collins* v. *Searight-Downs Mfg. Co.* (1928), 245 Mich 41; *Kelly* v. *Heinzelman* (1945), 311 Mich 474; *Powell* v. *Martone* (1948), 322 Mich 441; *Jackson* v. *Wayne Circuit Judge* (1954), 341 Mich 55; *Wagner* v. *Myers* (1959), 355 Mich 62; and 5 Michigan Law & Practice, Compromise and Settlement, § 1 p 366.

The settlement agreement at bar contained no conditions precedent. It clearly indicates that the parties were not thereafter to carry out a private agreement made between themselves, but that it should be taken cognizance of by the court and enforced by it if necessary.

The motion for a proposed order of judgment in conformity with the stipulated settlement should have been granted. The case is remanded for that purpose, and for vacation of the order voiding the settlement stipulation and placing the case on the trial docket, with costs to plaintiffs.

All concurred.