## GROULX v CARLSON

Docket No. 107247. Submitted February 14, 1989, at Grand Rapids. Decided April 17, 1989.

Roy and Janet M. Groulx brought an action for claim and delivery and breach of contract against Kenneth D. and Dolores P. Carlson in the Roscommon Circuit Court. On the date set for jury trial, counsel advised the court, Carl L. Horn, J., of a settlement agreement. The trial judge, the court clerk, the court reporter, and the parties' counsel convened in the judge's chambers where the terms of the agreement were recited into the record by counsel. The trial court entered a consent judgment and denied a subsequent motion to set aside the judgment brought by defendants, who had claimed that the settlement agreement was not binding because it had not been made in open court, and that they were entitled to relief from the judgment on the basis that the agreement lacked a meeting of the minds and has elements of mistake, excusable neglect and fraud. Defendants appealed.

The Court of Appeals *held:*

1. Under MCR 2.507(H), an agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by the party's attorney. It is the formality of recorded court business, rather than the physical presence of the participants in a courtroom, which is the hallmark of a proceeding which may be described as constituting an "open court" session. Thus, the agreement in this case was made in open court and is therefore binding on the parties.

2. The express words of the parties' attorneys and the parties' visible acts indicate that there was a meeting of the minds regarding the settlement agreement.

3. The record failed to support defendants' claim that the

REFERENCES

Am Jur 2d, Compromise and Settlement §§ 25, 26; Contracts §§ 18 *et seq.*

See the Index to Annotations under Compromise and Settlement.

consent judgment should be set aside on the basis of mistake, excusable neglect or fraud.

Affirmed.

1. COMPROMISE AND SETTLEMENT — SETTLEMENT AGREEMENTS — COURT RULES.

A settlement agreement between parties to an action is binding and may not be subsequently denied by either party if such agreement is made in open court; a settlement agreement which is made part of the record when read aloud by the parties' attorneys in the presence of the trial judge, the court clerk, and the court reporter, all of whom had formally convened in the judge's chambers for court business, is an agreement made in open court (MCR 2.507[H]).

2. CONTRACTS — MEETING OF THE MINDS — OBJECTIVE STANDARD.

There must be a meeting of the minds on all the material facts in order to form a valid agreement; a meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts.

*Jennings & Turkelson, P.C.* (by *Eugene I. Turkelson*), for plaintiffs.

*Fregolle & Fregolle, P.C.* (by *Paul E. Fregolle*), ₁ for defendants.

Before: HOOD, P.J., and WAHLS and NEFF, JJ.

WAHLS, J. Defendants, Kenneth D. Carlson and Dolores P. Carlson, appeal as of right from a February 23, 1988, order of the Roscommon Circuit Court denying their motion to set aside a December 18, 1987, consent judgment. The consent judgment between defendants and plaintiffs, Roy E. Groulx and Janet M. Groulx, was in settlement of plaintiffs' action for claim and delivery and breach of contract stemming from defendants' default on obligations incurred in connection with the purchase of plaintiffs' septic cleaning business, The Apex Company. Entry of the consent judgment was preceded by a conference in the cham-

bers of the circuit judge on the morning of December 14, 1987, at which counsel, the court clerk, and the court reporter were present and at which the terms of the proposed consent judgment, acknowledged to be "a correct statement of the agreement" by defendants' attorney, were orally read into the record by plaintiffs' attorney. On appeal, defendants contend, in essence, that the circuit court erred in denying their motion to set aside the consent judgment because the agreement upon which it was based was not binding. More specifically, defendants argue that the agreement was not binding because it was not made in "open court," as required by MCR 2.507(H); was not based on a meeting of the minds; and included elements of mistake, excusable neglect, and fraud meriting relief under MCR 2.612(C)(1)(a) and (c). We affirm.

The record reveals that on the morning of December 14, 1987, the date set for trial in this case, counsel advised the court that a settlement had been reached. Since a jury had already been assembled in the courtroom, the judge, the court clerk, the court reporter, and the parties' counsel convened in the judge's chambers in order to permit counsel to enter the terms of the parties' agreement on the record. Those terms were recited by plaintiffs' counsel as follows:

> Now comes the parties hereto and hereby stipulate and agree as follows: One: That a consent judgment shall issue against the defendants and in favor of the plaintiffs in the amount of $45,000.
>
> Two: That defendants shall pay within five business days the sum of $10,000 to plaintiffs.
>
> Three: That the balance of $35,000 shall bear interest at the rate of ten percent per annum and shall be paid to plaintiffs in monthly installments of $500 or more commencing January 14th, 1988,

and the 14th of every month thereafter for a period of 36 months, whereupon the entire balance shall be due.

Four: Plaintiffs shall forego any collection or mediation sanctions as long as defendants remain current, that is, within ten days, then plaintiffs may accelerate the balance and take such steps to enforce the judgment as may be permitted by statute and court rule.

Five: No costs, sanctions or interest to date shall be awarded to either party, and all equipment seized pursuant to court order shall be returned to defendants upon payment of the initial $10,000. That will be signed by all parties.

Defendants' counsel then indicated his clients' knowledge of, and consent to, the terms of the agreement as follows:

That is a correct statement of the agreement. I have read the agreement to my client, and he has agreed to it. His wife, who is probably in this matter only due to the fact she is Mr. Carlson's wife, has also indicated she will agree to it. I can take this over to my office and have it typed right now.

After this agreement was placed on the record, the court excused the jury.

At the hearing on December 18, 1987, on a motion for entry of consent judgment, the trial judge, noting that "I have to rely on counsel who tell me [that a case] is settled," signed the proposed consent judgment. Moreover, at the hearing held on January 26, 1988, on defendants' motion to set aside the consent judgment, the trial judge indicated that at the December 14, 1987, proceeding, "certainly it was represented to me by both attorneys that they had already talked to their clients" and that "I have had a lot of experience in

this kind of matter, and I was fully satisfied that both of these attorneys could bind their clients by a stipulation, and a stipulation made sense to me, and I accepted it on the record." "[N]o way was I going to let that jury go," the trial judge stated, "unless I knew we had the thing dismissed."

On appeal, defendants first argue that the circuit court erred in denying their motion to set aside the consent judgment because the agreement among the parties upon which the judgment was based was not made in "open court," as required by MCR 2.507(H). That court rule provides:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by the party's attorney.

Defendants suggest that the agreement in this case was a mere informal, in-chambers understanding and thus was not binding upon them under MCR 2.507(H). In support of their position, defendants cite cases holding that a court, in order to be "open," must have a judge presiding,[1] an alleged off-the-record agreement reached in the chambers of a trial judge was not made in "open court,"[2] and an oral agreement to settle reached by the parties' attorneys was not made in "open court."[3] These cases are distinguishable from the instant litigation since the settlement in the present matter was formally placed on the record at a proceeding presided over by the trial judge.

[1] *People v Margelis,* 246 Mich 459; 224 NW 605 (1929).

[2] *Jorgensen v Howland,* 325 Mich 440; 38 NW2d 906 (1949).

[3] *Metropolitan Life Ins Co v Goolsby,* 165 Mich App 126; 418 NW2d 700 (1987).

The facts in this case are not essentially dissimilar from those in *Pedder v Kalish,* 26 Mich App 655; 182 NW2d 739 (1970). In that case, following protracted settlement discussion in chambers with the trial judge and with plaintiffs and defendants, the attorneys made a record in open court—presumably, in the courtroom—of an agreement which had been reached. Subsequently, the defendants expressed an unwillingness to abide by the settlement terms, and the plaintiffs moved for entry of a judgment pursuant to the stipulated settlement. The trial court declared the settlement void and placed the case on the trial calendar. This Court reversed and remanded the case for entry of judgment in conformity with the stipulated settlement, citing GCR 1963, 507.9, the predecessor of MCR 2.507(H), and noting that "[w]e cannot agree that litigants are free to disregard a settlement agreement knowingly entered into on the court record and, as to which, mistake, fraud, or unconscionable advantage is not claimed." 26 Mich App 657. "Compromise of pending controversies are [sic] favored by the courts," the *Pedder* panel stated, "and will only be voided on satisfactory evidence of mistake, fraud, or unconscionable advantage." 26 Mich App 658.

The main distinguishing factor between *Pedder* and the present case is that the record of the settlement agreement was generated in the courtroom in the former and in the chambers of the trial judge in the latter. In both, however, the agreement was read aloud by the parties' attorneys in the presence of the trial judge, the court clerk, and the court reporter, all of whom had formally convened for court business. We believe that it is the formality of recorded court business, rather than the physical presence of the participants in a courtroom, which is the hallmark of a

proceeding which may be described as constituting an "open court" session. Thus, we agree with the following observations of the New York Court of Appeals:

> The term "open court" as it has been used since ancient times and as, it will be suggested, it is used in CPLR 2104, is a technical term in the law. It refers to a judicial proceeding in a court, whether held in public or private, and whether held in the court house, a courtroom, or any place else, so long as it is, in an institutional sense, a court convened, with or without a jury, to do judicial business. Typically, in a court of record an open court has in attendance a clerk who makes entries of judicial events in a docket, register, or minute book, and in modern times there is a court reporter, who makes a record of all the proceedings.
>
> *     *     *
>
> Judicial proceedings in "open court," wherever held, including chambers of course, and informal conference in chambers or robing rooms or even a courtroom are manifestly disparate. Even before full reporting in open court became universal in courts of record, the formality, publicity, and solemnity of an open court proceeding marked it as different from the preliminary atmosphere attached to informal conferences elsewhere. Moreover, the proceedings in open court would always have some formal entries, if only in the clerk's minutes, to memorialize the critical litigation events. In the latter days, it has also meant an available full transcript beyond dispute and the fallibility of memory. [*In re Dolgin Eldert Corp* 31 NY2d 1, 4-10; 334 NYS2d 833; 286 NE2d 228 (1972).[4] See also *Bowman v Integrity Credit Corp*, 507 So 2d 104 (Ala Civ App, 1987).]

---

[4] In this opinion, the New York Court of Appeals states that CPLR 2104 provides:

An agreement between parties or their attorneys relating to any other matter in an action, or other than one made between counsel in open court is not binding upon a party unless it is in

Next, defendants argue that the agreement read into the record on December 14, 1987, was not binding because "there was no meeting of the minds among the parties in the instant case." There must be a meeting of the minds on all the material facts in order to form a valid agreement, and whether such a meeting of the minds occurred is judged by an objective standard, looking to the express words of the parties and their visible acts. *Siegel v Spinney,* 141 Mich App 346, 350; 367 NW2d 860 (1985). In the present case, the express words of the parties' attorneys recited on the record unambiguously indicate that the parties stipulated and agreed to accept the terms of the recited agreement. Moreover, after placing the agreement on the record, the parties permitted the trial judge to excuse the jury and to allow the witnesses to leave. Thus, the express words of the parties' attorneys and the parties' visible acts indicate that there was a meeting of the minds regarding the agreement read into the record on December 14, 1987.

Finally, defendants argue that the agreement included elements of mistake, excusable neglect, and fraud meriting relief under MCR 2.612(C)(1)(a) and (c). That court rule provides:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> \* \* \*
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

a writing subscribed by him or his attorney or reduced to the form of an order and entered.

Defendants maintain that the terms of the agreement should not be binding on them because they and their attorney mistakenly believed that such terms would not be binding until they were drafted in written form, reviewed and signed by the parties; because their attorney excusably neglected to allow them "to read and review a typed copy of the proposed settlement" before it was read into the record; and because their attorney fraudulently represented to the trial court that he had informed defendant Dolores P. Carlson of the terms of the proposed settlement before it was read into the record.

As we have already noted, litigants are not free to disregard a settlement agreement knowingly entered into on the court record and to which satisfactory evidence of mistake, fraud, or unconscionable advantage is not evident. *Pedder, supra,* pp 657-658; *Siegel, supra,* pp 349-350. The evidence in this case as revealed in the transcripts of the hearings on this issue in the court below, instead of suggesting mistake, fraud, or excusable neglect suggests that defendants, as stated by defense counsel, were unhesitating in their consent to the terms of the settlement agreement at the time the agreement was formally read into the record, but that shortly thereafter they had a "change of heart." A change of heart is normally insufficient to justify the setting aside of a settlement agreement. *Metropolitan Life, supra,* p 128. Any misgivings concerning the terms of the settlement agreement which defendants or defendants' counsel may have had were brought to the attention of the trial court only after the agreement had been formally entered in the record and only after defense counsel expressly informed the court that defendants

specifically accepted the terms of the agreement.[5] In view of the unambiguous assertions stated on the record at the December 14, 1987, proceeding by defense counsel regarding defendants' clear intention to be bound by the terms of the settlement agreement which was read into the record by plaintiffs' counsel at that proceeding, and in view of defendants' failure to have supported their claims of mistake, fraud, and excusable neglect with satisfactory evidence of any kind, we conclude that the trial court's decision precluding defendants from disavowing their obligations under the settlement did not constitute an abuse of discretion. *Bye v Ferguson,* 138 Mich App 196, 202; 360 NW2d 175 (1984).

Affirmed.

---

[5] At the hearing held on December 18, 1987, on the motion for entry of consent judgment, defendants' attorney explained that he had met with defendant Kenneth D. Carlson on the morning of trial before placing the settlement agreement on the record, had read the terms of the agreement to Mr. Carlson, and was informed that the latter understood those terms. He also stated that later, when a written stipulation was prepared, Mr. Carlson "indicated that he was not aware of any balance due on a balloon, which is part of the proposed judgment." Nevertheless, counsel stated that "what he [Mr. Carlson] had authorized me to do was to settle the matter completely.