PLAMONDON v PLAMONDON

Docket No. 199858. Submitted March 17, 1998, at Lansing. Decided May 22, 1998, at 9:20 A.M.

Albert J. Plamondon brought an action in the Leelanau Circuit Court against Michael H. and Angelia M. Plamondon, seeking resolution of a property dispute. The trial court, Philip E. Rodgers, Jr., J., referred the dispute to mediation under the Community Dispute Resolution Act, MCL 691.1551 *et seq.*; MSA 27.15(51) *et seq.* The parties participated voluntarily in the mediation and, as a result of the mediation, entered into and signed a written agreement. The court entered a judgment consistent with the written agreement. The plaintiff appealed, alleging that the settlement agreement was void ab initio because the mediation did not comply with MCR 2.403 and 2.507(H) and because the plaintiff made a mistake or was ill-advised in his decision to forgo the presence of counsel or his son Arnold Plamondon at the mediation.

The Court of Appeals *held*:

1. Neither MCR 2.403 nor MCR 2.507(H) apply to the mediation conducted pursuant to the Community Dispute Resolution Act in this case.

2. As a result of the plaintiff's voluntary participation, the plaintiff is subject to the provisions of the act, notwithstanding the fact that his voluntary participation resulted from a referral to the dispute resolution process by the trial court in a pending case.

3. A signed, written agreement resulting from mediation conducted pursuant to the act is enforceable in the same manner as any other written contract. The plaintiff failed to demonstrate grounds to set aside the settlement agreement by a showing of mistake, fraud, or unconscionable advantage.

Affirmed.

1. Compromise and Settlement — Community Dispute Resolution Act — Mediation.

The Community Dispute Resolution Act creates a procedure apart from court actions; the act requires participation in the dispute resolution process to be voluntary, and a person who voluntarily participates in mediation conducted pursuant to the act is subject to the provisions of the act, notwithstanding the fact that the person's

voluntary participation resulted from a referral to the dispute resolution process by the trial court in a pending case (MCL 691.1551 *et seq.*; MSA 27.15[51] *et seq.*).

2. COMPROMISE AND SETTLEMENT — COMMUNITY DISPUTE RESOLUTION ACT — SETTLEMENT AGREEMENTS — CONTRACTS.

  A written agreement embodying a settlement reached in a dispute resolution process conducted pursuant to the Community Dispute Resolution Act is enforceable in the same manner as any other written contract and is binding on the parties absent a showing of mistake, fraud, or unconscionable advantage (MCL 691.1556a; MSA 27.15[56a]).

Bay Area Legal Services, P.C. (by *Edward M. Czuprynski*), for the plaintiff.

*Robert A. Steadman, P.C.* (by *Robert A. Steadman*), for the defendants.

Before: BANDSTRA, P.J., and MACKENZIE and N. O. HOLOWKA*, JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment entered on a settlement agreement reached during mediation pursuant to the Community Dispute Resolution Act, MCL 691.1551 *et seq.*; MSA 27.15(51) *et seq.* We affirm.

Plaintiff argues that the settlement agreement was void ab initio because there was no enforceable underlying agreement between the parties to submit to community dispute resolution mediation, there being no agreement made on the record in open court or evidence of the agreement in writing subscribed by plaintiff as required by MCR 2.507(H). We disagree because this court rule is inapplicable to this community dispute resolution mediation.[1] The Community

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Even if MCR 2.507(H) were applicable here, it would only mean that the agreement between the parties to submit to community dispute reso-

Dispute Resolution Act sets up a procedure apart from court actions; participants in mediation may or may not be litigants in a pending lawsuit. The act requires only that "[p]articipation in the dispute resolution process shall be voluntary," MCL 691.1556(1); MSA 27.15(56)(1), and the trial court here found, without dispute from plaintiff, that the parties did, in fact, participate voluntarily. As a result of his voluntary participation, plaintiff is subject to the provisions of the act, notwithstanding the fact that his voluntary participation resulted from a referral to the dispute resolution process by the trial court in a pending case.

As a result of the mediation, the parties entered into and signed a written agreement. The act specifies that this agreement "is enforceable in the same manner as any other written contract." MCL 691.1556a; MSA 27.15(56a). Under usual contract principles, plaintiff is bound by the settlement agreement absent a showing of mistake, fraud, or unconscionable advantage. *Prichard v Sharp*, 51 Mich 432, 435; 16 NW 798 (1883); *Marvin v Marvin*, 203 Mich App 154, 157; 511 NW2d 708 (1993); *Meyer v Rosenbaum*, 71 Mich App 388, 393-394; 248 NW2d 558 (1976). Plaintiff does not advance any claim on appeal that the settlement agreement was the result of mistake, fraud, or unconscionable advantage. Instead, plaintiff seeks to upset the validity of the settlement agreement on the ground that the mediation did not comply with MCR 2.403, a rule that is inapplicable to this community

lution mediation was not binding. However, that agreement is not at issue in this case, the parties having fulfilled it by proceeding through the mediation process. The agreement at issue here is a separate agreement entered into after and as a result of mediation.

dispute resolution mediation. Additionally, plaintiff asserts that the settlement agreement should be upset because, in hindsight, plaintiff made a mistake or was ill-advised in his decision to forgo the presence of counsel and his son Arnold Plamondon at the mediation. Absent a showing of mistake, fraud, or unconscionable advantage, plaintiff has failed to demonstrate grounds to set aside the settlement agreement.

We affirm.