# STATE OF MICHIGAN

# COURT OF APPEALS

THE BANK OF NEW YORK MELLON, formerly
known as THE BANK OF NEW YORK
SUCCESSOR TRUSTEE TO JP MORGAN
CHASE BANK, N.A., as TRUSTEE FOR THE
FIRST FRANKLIN MORTGAGE LOAN TRUST
2004-FF10, by its SERVICER SPECIALIZED
LOAN SERVICING, LLC,

UNPUBLISHED
August 25, 2015

Plaintiff/Counter-Defendant-
Appellee,

v

No. 321438
Lenawee Circuit Court
LC No. 13-004634-CH

MICHAEL DUSSEAU,

Defendant/Counter-Plaintiff-
Appellant,

and

BETH A. DUSSEAU,

Defendant/Counter-Plaintiff.

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Defendant/counter-plaintiff Michael Dusseau (Michael) appeals as of right a judgment of foreclosure and order dismissing defendants' (Michael and Beth Dusseau) counterclaims against plaintiff/counter-defendant. We affirm.

## I. BACKGROUND

This appeal arises out of a breach of a note and mortgage between plaintiff and defendants. On August 18, 2004, defendants executed a promissory note with and granted a mortgage to First Franklin Financial Corporation, in the principal amount of $151,450. Pursuant to the note, defendants were required to pay $1,033.16 on the first day of each month, beginning on October 1, 2004. The mortgage provided that the lender could invoke the power of sale of the

-1-

property if the borrower defaults under the mortgage and note. On February 8, 2006, the mortgage was subsequently assigned to plaintiff. On July 1, 2010, defendants failed to make the required monthly payment pursuant to the note and mortgage. Defendants did not make any other subsequent monthly payments as required by the note and mortgage. On January 8, 2013, plaintiff filed a complaint seeking to foreclose on defendants' property. Defendants filed an answer and counterclaim on March 5, 2013. Defendants alleged counts of breach of contract, promissory estoppel, and fraud. On February 28, 2014, plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and (10), asserting its right to foreclose under the note and mortgage.

The parties appeared for a hearing on March 24, 2014. Plaintiff's counsel announced that the parties had come to an agreement on the counterclaim and original judicial foreclosure complaint. Defendants' counsel agreed and stated that there was an agreement as to summary judgment in exchange for a "confidential bank amount." The trial court subsequently entered a judgment of foreclosure and order dismissing defendants' counterclaims. Plaintiff's attorneys, defendants' attorney, and defendants signed the judgment of foreclosure and order dismissing defendants' counterclaims.

On appeal, Michael contends that the trial court was required to further inquire into his factual claims before it accepted the settlement agreement between the parties, and that Michael's counsel did not have the authority to accept a settlement agreement on Michael's behalf.

## II. ISSUE PRESERVATION

For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). Michael did not argue below that the trial court was obligated to inquire into his counterclaims or that his attorney was without authority to enter into a settlement agreement on his behalf. Therefore, these issues are unpreserved.

This Court is not required to consider unpreserved issues. *Coates v Bastian Bros, Inc*, 276 Mich App 498, 509-510; 741 NW2d 539 (2007). However, this Court may overlook preservation requirements if the issue involves a question of law and the facts necessary for its resolution have been presented. *Johnson Family Ltd Partnership v White Pines Wireless, LLC*, 281 Mich App 364, 377; 761 NW2d 353 (2008). Such is the case here.

## III. STANDARD OF REVIEW

The proper interpretation of a court rule is a question of law that we review de novo. *Acorn Investment v MBPIA*, 298 Mich App 558, 561; 828 NW2d 94 (2012). We also review de novo issues of contract interpretation. *Trader v Comerica Bank*, 293 Mich App 210, 215; 809 NW2d 429 (2011). We review for an abuse of discretion a trial court's decision to enforce a settlement agreement. See *Groulx v Carlson,* 176 Mich App 484, 493; 440 NW2d 644 (1989). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Kalaj v Khan*, 295 Mich App 420, 425; 820 NW2d 223 (2012).

IV. CLAIMS OF ERROR

Michael contends that the trial court was required to further inquire into his counterclaims before accepting the settlement agreement between the parties and that his attorney did not have the authority to settle his claims. We disagree with both contentions.

This Court has held that a settlement agreement will be enforced so long as it satisfies MCR 2.507(G) and the requirements of contract formation. *Mich Mut Ins Co v Indiana Ins Co*, 247 Mich App 480, 484-485; 637 NW2d 232 (2001).

MCR 2.507(G) provides:

An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

The settlement agreement between plaintiff and defendants complies with MCR 2.507(G). The parties announced their agreement in open court. Plaintiff's counsel indicated to the trial court that an agreement had been reached to settle the case and Michael's attorney stated, "There's been an agreement for summary judgment [sic] and the counter-claims all to go the bank's way in exchange for a confidential bank amount, which we all will not discuss it." The agreement was then reduced to writing and signed by all parties.

"A settlement agreement is a binding contract." *Reicher v SET Enterprises, Inc*, 283 Mich App 657, 665; 770 NW2d 902 (2009). The formation of a valid contract requires an offer, acceptance, consideration, and mutual agreement to all of the contract's essential terms. *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 452; 733 NW2d 766 (2006). A party is "bound by the settlement agreement absent a showing of mistake, fraud, or unconscionable advantage." *Plamondon v Plamondon*, 230 Mich App 54, 556; 583 NW2d 245 (1998). Michael does not contend that the settlement agreement lacked any of these components nor has he shown evidence of mistake, fraud or unconscionable advantage. The record evidences a verbal mutual agreement between the parties for summary disposition for plaintiff and disposal of defendants' counterclaim in exchange for a "confidential bank amount." That agreement was then reduced to writing. Michael signed the agreement, stipulating to its form and content. Michael has not shown why he should not be bound by the settlement agreement.

Michael's lone support for the proposition that the trial court was required to inquire into defendants' counterclaims before accepting the settlement agreement is MCL 168.420. MCL 168.420 provides:

Every person elected to the office of judge of the circuit court, before entering upon the duties of his office, shall take and subscribe to the oath as provided in section 1 of article 11 of the state constitution, and file the same with the secretary of state and a copy with each county clerk in his circuit.

Michael fails to explain how this statute requires a trial court to inquire into a party's claims prior to accepting a settlement agreement made by the parties. A party may not merely announce

a position and leave it to this Court to discover and rationalize the basis for a claim. *National Waterworks, Inc v International Fidelity & Surety, Ltd*, 275 Mich App 256, 265; 739 NW2d 121 (2007).

To the extent Michael argues that his counsel accepted the settlement agreement despite Michael's express instructions to reject the agreement, his argument is without merit.

> Generally, when a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter. Thus, a third party who reaches a settlement agreement with an attorney employed to represent his client in regard to the settled claim is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions. In such a situation, the client's remedy is to sue his attorney for professional malpractice. The third party may rely on the attorney's apparent authority unless he has reason to believe that the attorney has no authority to negotiate a settlement. [*Nelson v Consumers Power Co*, 198 Mich App 82, 89-90; 497 NW2d 205 (1993) (internal citations omitted).]

Michael's attorney was held out as counsel for Michael on the record at the hearing on March 24, 2014. Thus, Michael's attorney had apparent authority to settle claims connected with the matter. Michael's assertion that his attorney was acting contrary to his express instructions of refusing the settlement agreement is defeated by Michael's later affirmance of his attorney's actions in signing the judgment of foreclosure and order dismissing defendants' counterclaims. Michael was presumed to have known the nature of the document and to have understood its contents. *Watts v Polaczyk*, 242 Mich App 600, 604; 619 NW2d 714 (2000) (holding that a person that signs a contract is presumed to know the nature of the document and understand its contents).

Based on the record before us, we conclude that the requirements in MCR 2.507(G) have been met and that the settlement agreement complies with the principles of contract formation, making the agreement binding and enforceable against defendants. We find no support for Michael's position that a trial court is required to further inquire into the factual claims of a party before accepting a settlement agreement. The trial court's entry of judgment of foreclosure and order dismissing defendants' counterclaims was not an abuse of discretion.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens