# STATE OF MICHIGAN

# COURT OF APPEALS

ENBRIDGE ENERGY LIMITED
PARTNERSHIP,

        Petitioner-Appellant,

v

UPPER PENINSULA POWER COMPANY,

        Respondent-Appellee,

and

MICHIGAN PUBLIC SERVICE COMMISSION,

        Appellee.

FOR PUBLICATION
December 22, 2015
9:05 a.m.

No. 321946
MPSC
LC No. U-017077

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

SAAD, J.

        Enbridge Energy Limited Partnership ("Enbridge") appeals the order of the Michigan Public Service Commission ("PSC") that dismissed its complaint, which challenged the PSC's authority to approve a settlement agreement that provided for the use of a revenue decoupling mechanism ("RDM"). For the reasons provided below, we reverse and remand.

## I. BACKGROUND

        This case raises the issue of whether the PSC possessed the authority to approve a settlement agreement between the PSC Staff and the Upper Peninsula Power Company ("UPPC") that provided for the implementation of an RDM for UPPC for the test year 2010.

        In June 2009, UPPC filed an application seeking an increase in electric rates in excess of $12 million.[1] UPPC, the PSC Staff, and other intervening parties entered into a settlement agreement that provided for an increase in UPPC's electric rates and for the implementation of

---

[1] The PSC docketed this application as Case No. U-15988.

-1-

an RDM for UPPC for the test year 2010. The PSC subsequently approved the rate increase and the settlement agreement. Enbridge did not seek to intervene in the case.

In May 2011, UPPC filed an application to reconcile the RDM for 2010 and to recover a shortfall.[2] While the application was pending, this Court decided *In re Applications of Detroit Edison Co*, 296 Mich App 101; 817 NW2d 630 (2012). In that case, the appellants, including the Attorney General, challenged the PSC's order that authorized Detroit Edison, an electric utility, to adopt an RDM. This Court observed that while MCL 460.1089(6) authorized the PSC to approve the use of an RDM by a natural gas utility, the statute contained no similar provision for an electric utility. *Id.* at 108-109.[3] The *Detroit Edison* Court concluded that "a plain reading of MCL 460.1097(4) does not empower the PSC to approve or direct the use of an RDM for electric providers" and reversed the PSC's decision to allow Detroit Edison to use an RDM. *Id*. at 110.

Thereafter, the PSC issued an order in Case No. U-16568 in which it considered *Detroit Edison* and stated:

> In light of the Court of Appeals' opinion, the Commission appreciates that it cannot approve UPPCo's RDM. However, this RDM was adopted pursuant to a settlement agreement, which constitutes a binding agreement between the signatories to that agreement. Those signatories include all parties to this reconciliation. As such, the RDM reconciliation must simply comport with the language of the settlement agreement.

Enbridge filed a petition for rehearing, or in the alternative, a formal complaint, of the PSC's order. The PSC denied the petition for rehearing on the ground that Enbridge lacked standing because it was not a party to the proceeding. The PSC did not address the filing as a formal complaint.

Enbridge refiled its formal complaint[4] and again argued that the PSC lacked the authority to approve the use of an RDM by an electric utility, thereby lacking subject-matter jurisdiction to approve the surcharges in Case No. U-16568. Enbridge and the PSC Staff moved for summary disposition, and UPPC moved to dismiss the complaint.

The PSC granted UPPC's motion to dismiss and the Staff's motion for summary disposition and denied Enbridge's motion for summary disposition. The PSC found that pursuant to Rule 323, Enbridge failed to state a claim on which relief could be granted. The PSC rejected Enbridge's assertion that it lacked subject matter jurisdiction, noting that it had the general authority to set rates. In addition, the PSC relied on *Dodge v Detroit Trust Co*, 300 Mich

---

[2] The PSC docketed this application as Case No. U-16568.

[3] This Court noted that although MCL 460.1097(4) provided for research and reporting on the *possible* use of RDMs by electric utilities, the statute did not authorize their implementation. *Detroit Edison*, 296 Mich App at 109.

[4] The filing of that complaint commenced the instant case, No. U-017077.

575; 2 NW2d 509 (1942), for the proposition that it had the authority to approve a settlement agreement that resolved a disputed legal issue. The PSC noted that at the time the parties negotiated the settlement agreement, the question of whether statutory law permitted the implementation of RDMs by electric utilities was unclear. The PSC distinguished *Detroit Edison* on the ground that *Detroit Edison* did not involve the implementation of an RDM by a settlement agreement but, rather, the creation of an RDM for Detroit Edison by the PSC itself. The PSC held that under MCL 460.6 and *Dodge*, it had the authority to approve the settlement agreement.

## II. STANDARDS OF REVIEW

The standard of review for PSC orders is narrow and well defined. Pursuant to MCL 462.25, all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed to be lawful and reasonable. A party aggrieved by an order of the PSC has the burden of proving by clear and convincing evidence that the order is unlawful or unreasonable. MCL 462.26(8). To establish that a PSC order is unlawful, the appellant must show that the PSC failed to follow a mandatory statute or abused its discretion in the exercise of its judgment. *In re MCI Telecom Complaint*, 460 Mich 396, 427; 596 NW2d 164 (1999). An order is unreasonable if it is "arbitrary, capricious or totally unsupported by admissible and admitted evidence." *Associated Truck Lines, Inc v Pub Serv Comm*, 377 Mich 259, 279; 140 NW2d 515 (1966). Thus, a final order of the PSC must be authorized by law and be supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Attorney Gen v Pub Serv Comm*, 165 Mich App 230, 235; 418 NW2d 660 (1987).

A reviewing court "gives due deference to the PSC's administrative expertise and is not to substitute its judgment for that of the PSC." *Attorney Gen v Pub Serv Comm No 2*, 237 Mich App 82, 88; 602 NW2d 225 (1999). We give respectful consideration to the PSC's construction of a statute that the PSC is empowered to execute, and we will not overrule that construction absent cogent reasons. *In re Application of Consumers Energy Co for Reconciliation of 2009 Costs*, 307 Mich App 32, 42; 859 NW2d 216 (2014). "If the language of a statute is vague or obscure, the PSC's construction serves as an aid to determining the legislative intent, and will be given weight if it does not conflict with the language of the statute or the purpose of the Legislature." *Id.* But the PSC's interpretation of a statute is not binding on us. *Id.* "Whether the PSC exceeded the scope of its authority is a question of law that we review de novo." *In re Complaint of Pelland*, 254 Mich App 675, 682; 658 NW2d 849 (2003).

## III. ANALYSIS

On appeal, Enbridge argues that because the PSC is a creature of statute and has only those powers conferred on it by the Legislature, the PSC exceeded its authority and the subject-matter jurisdiction allowed to it when it approved the settlement agreement providing for the UPPC's use of an RDM in Case No. U-16568.

Initially, we note that Enbridge's argument that the PSC exceeded its subject-matter jurisdiction when it approved the settlement agreement containing an RDM is misplaced. This argument conflates the concepts of subject-matter jurisdiction and statutory authority. See *Usitalo v Landon*, 299 Mich App 222, 230; 829 NW2d 359 (2012) (noting that subject-matter

jurisdiction is not synonymous with a court's *exercise* of that jurisdiction). "Subject-matter jurisdiction concerns a body's abstract power to hear a case of the kind or character of the one pending, and is not dependent on the particular facts of the case." *Pelland*, 254 Mich App at 682. The PSC has specific statutory authority to establish the rates charged by all regulated utilities, MCL 460.6(1), and therefore had jurisdiction to hear the cases before it.

Instead, the question before us is whether, in approving the underlying settlement, the PSC exceeded its statutory authority. "The PSC possesses only that authority granted it by the Legislature. Authority must be granted by clear and unmistakable language. A doubtful power does not exist." *Mich Elec Coop Ass'n v Pub Serv Comm*, 267 Mich App 608, 616; 705 NW2d 709 (2005).

We hold that the PSC erred when it upheld the settlement agreement in the prior case and dismissed Enbridge's complaint in the instant case. There is no dispute that the PSC's authority is limited to whatever the Legislature dictates. See *id.* The statute in question governing RDMs for electric utilities is MCL 460.1097(4), which provides as follows:

> Not later than 1 year after the effective date of this act, the commission shall submit a report on the potential rate impacts on all classes of customers if the electric providers whose rates are regulated by the commission decouple rates. The report shall be submitted to the standing committees of the senate and house of representatives with primary responsibility for energy and environmental issues. The commission's report shall review whether decoupling would be cost-effective and would reduce the overall consumption of fossil fuels in this state.

As we have explained in *Detroit Edison*, this "provision mandates research and reporting on how RDMs would operate in connection with providers of electricity, *but does not call for or authorize actual implementation of an RDM by those utilities.*" *Detroit Edison*, 296 Mich App at 109 (emphasis altered from original). As the *Detroit Edison* Court noted, this provision for electric utilities is in stark contrast to MCL 460.1089(6), which expressly allows the PSC to approve RDMs for *gas* utilities. *Id.* at 110; see also *French v Mitchell*, 377 Mich 364, 384; 140 NW2d 426 (1966) ("[W]hen the legislature has used certain language in one instance and different language in another, the indication is that different results were intended."). Thus, there is no question that the PSC did not have the authority to implement the RDM for UPPC, an electric utility, in the instant case.

In spite of the clear statutory language, the PSC approved the settlement agreement and relied on *Dodge*, 300 Mich 575, as it does on appeal, for the proposition that it had the authority to approve a settlement agreement that resolved a disputed legal issue. In *Dodge*, the parties to the litigation entered into a settlement agreement involving a contested will that resolved a disputed legal issue. *Id.* at 592-593. Some 17 years later, a party to the settlement agreement filed suit seeking to have the agreement set aside as void because of an intervening change in the law. *Id.* at 592-593, 597-598. Our Supreme Court noted that there was no lawful basis to allow a party to invalidate a settlement where there was "an honest dispute between competent legal minds" regarding the status of the law at the time of the settlement. *Id.* at 614. Instead, it ruled that

where *a doubt as to what the law is* has been settled by a compromise, a subsequent judicial decision by the highest court of a jurisdiction upholding the view adhered to by one of the parties affords no basis for a suit by him to upset the compromise. [*Id*. (emphasis added).]

The PSC's reliance on *Dodge* is inapposite for two primary reasons. First, in the instant case, unlike in *Dodge*, there was no intervening change in the law. MCL 460.1097(4) became effective in 2008 and has not been altered since. 2008 PA 295. While *Detroit Edison* was issued after the PSC approved the settlement in this case, that fact is not dispositive because even without the benefit of our decision in *Detroit Edison*, contrary to the PSC's claim that "it was unclear whether Act 295 [of 2008] permitted electric RDMs," the unmistakably clear language of the act compels us to conclude that it was not reasonable to believe that the law was in dispute or otherwise unclear. While the PSC could approve RDMs for gas utilities, it was not authorized to do so for electric utilities. Second, the settlement in *Dodge* involved private parties, who only themselves were bound by the agreement. Here, as acknowledged by all the parties, settlements in the regulatory context carry the force of law and necessarily bind *all* consumers in the affected area, even those who were not a party to the settlement.[5] See *Ind Bell Tel Co, Inc v Office of Utility Consumer Counselor (On Rehearing)*, 725 NE2d 432, 435 (Ind App, 2000) (stating that "a settlement agreement that must be filed with and approved by a regulatory agency 'loses its status as a strictly private contract'" and is more akin to an order of the commission) (citation omitted). As a result, the strong public policy behind the long-standing doctrine that requires people to be bound by their settlements, *Plamondon v Plamondon*, 230 Mich App 54, 56; 583 NW2d 245 (1998), citing *Prichard v Sharp*, 51 Mich 432, 435; 16 NW 798 (1883), simply is not advanced when such a "settlement" affects countless others that were not a party to the agreement.

In sum, the PSC exceeded its clear statutory authority when it approved the RDM in Case No. U-16568. The fact that the approval was accomplished in the context of a settlement does not transform the PSC's ultra vires act into a legal one. See, e.g., *Timney v Lin*, 106 Cal App 4th 1121, 1127; 131 Cal Rptr 2d 387 (Cal App, 2003) (stating that a strong public policy favoring settlement does not legitimize a settlement agreement clause that is contrary to law). We stress that our holding is based on the fact that reasonable minds could not have disputed the extent of the PSC's authority at the time it approved the settlement.

---

[5] Indeed, at oral argument, the PSC admitted that the settlement did not merely bind the signatories to the agreement, as it claimed in its order in Case No. U-16568, but rather binds thousands of users in the affected area.

We reverse the PSC's dismissal of Enbridge's complaint in Case No. U-017077 and remand for proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Mark T. Boonstra
/s/ Joel P. Hoekstra