*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re ARTHUR H. ALSON TRUST.

---

ARLENE SCHERL,

      Petitioner-Appellee,

v

ARNOLD ALSON,

      Respondent-Appellant.

UNPUBLISHED
June 13, 2019

No. 343845
St. Clair Probate Court
LC No. 2018-000097-TV

---

Before: GADOLA, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals by right the probate court's order authorizing the sale of real estate and ordering that the proceeds be split evenly between respondent and petitioner. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner and respondent are the children of Arthur Alson, now deceased. Arthur was the grantor of a revocable living trust (the trust) that named respondent as successor trustee. Relevant to this appeal, Arthur and his wife Alma transferred a house on Canal Drive in Port Huron, Michigan (the house) to the trust in 2016 via quit claim deed. Alma died in 2016; Arthur died in 2018.

On February 22, 2018, petitioner filed a petition to invalidate the trust, alleging that the trust was invalid on several grounds. Along with that petition, petitioner filed a petition for injunction seeking to have the probate court enjoin respondent from selling the house (and from otherwise acting as successor trustee) and appoint her as a special personal representative in order to complete the sale of the house and distribute the proceeds.

The following day, a hearing was held on petitioner's request for an injunction and appointment as special representative. Respondent informed the probate court that he had been served with the petition and notice of hearing around 10:00 p.m. the night before, and had been

unable to obtain legal representation. Petitioner's counsel and respondent spoke before the hearing and the attorney explained that respondent was "absolutely entitled to representation," but that this was only "a preliminary hearing for the purposes of kind of freezing things and seeing where we go from here."

Respondent told the probate court that the house would be sold "[i]n three business days," and that he "100 percent" intended to give petitioner half of the proceeds from the sale. Respondent later reiterated that he had "the full intention of giving [petitioner] 50 percent of that money" if he could complete the sale of the house. Petitioner's attorney told the probate court that his client did not care who signed the closing papers, so long as petitioner received half of the proceeds from the sale of the house. Respondent again stated that he was "willing to divide 50/50 on [the sale] immediately." The probate court then asked petitioner's counsel,

> [I]f I were to do an order that confirmed the ownership of that house is in the trust, despite the questions of its validity, and there's agreement to the beneficiaries of the trust that the proceeds of the sale be split equally between [petitioner] and [respondent], that would be something that you would agree to?

Petitioner's counsel answered, "Yes." When asked if he would agree to this arrangement, respondent said, "Absolutely." Later that day, the probate court entered an order that authorized the sale of the real estate and that reflected the agreement the parties had made on the record at the hearing. The order did not grant any of the relief that petitioner had requested.

In March 2018, respondent, now represented by counsel, filed a motion for reconsideration or relief from the probate court's order, arguing that the order inappropriately distributed trust assets before other issues in the action were resolved, and arguing further that respondent was prejudiced by his lack of notice and inability to retain counsel before the hearing. After a hearing, the probate court denied respondent's motion, stating that respondent received adequate notice of the previous hearing considering "the emergency nature of it" as the hearing needed to occur before the house was sold. The probate court further noted that respondent chose to proceed without an attorney, and "made a statement under oath in court that [petitioner] gets half of the [proceeds from the sale of the] house." The probate court entered an order requiring that the proceeds of the sale of the house be immediately distributed and split evenly between petitioner and respondent.

This appeal followed.

## II. STANDARD OF REVIEW

We review for clear error a probate court's factual findings and review its dispositional rulings for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). A probate court "abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id*. "A finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *In re Duke Estate*, 312 Mich App 574, 580-581; 887 NW2d 1 (2015) (quotation marks and citation omitted).

-2-

III. ANALYSIS

Respondent argues that the probate court erred when it entered an order authorizing the sale of the house and ordering that the proceeds of that sale be split evenly between respondent and petitioner on the basis of the terms of a settlement agreement made in open court, because respondent agreed to the settlement terms when he was unrepresented by counsel and did not receive adequate notice of the hearing at which the settlement agreement was reached. We disagree.

An agreement between parties is enforceable if "it was made in open court." MCR 2.507(G). "As a general rule, settlement agreements are final and cannot be modified." *Clark v Al-Amin*, 309 Mich App 387, 395; 872 NW2d 730 (2015) (quotation marks and citation omitted). "This is because settlements are favored by the law, and therefore will not be set aside, except for fraud, mutual mistake, or duress." *Id*. A settlement agreement may also be set aside for "unconscionable advantage." *Plamondon v Plamondon*, 230 Mich App 54, 56; 583 NW2d 245 (1998). "[A] party cannot void a settlement agreement merely because [he] has had a change of heart, nor can he do so merely because [his] assessment of the consequences [of the settlement] was incorrect." *Clark*, 309 Mich App at 396 (quotation marks and citation omitted).

The probate court entered an order after respondent agreed at the hearing, on the record in open court, to split the proceeds from the sale evenly with petitioner. Respondent now argues that he should not be bound to the settlement agreement he reached with petitioner because petitioner was represented by counsel when the parties reached a settlement agreement but respondent was not, and also because respondent had less than 24 hours to prepare for the hearing at which the settlement agreement was reached.

Respondent's argument is unpersuasive under the circumstances of this case. Respondent and petitioner are siblings competing for the estate of their deceased father. About four days before the house was to be sold, petitioner filed a petition to enjoin respondent from acting as successor trustee (specifically including in the sale of the house) and to be named special personal representative so that she could control the sale of the house. Respondent was served with the petition on the night that it was filed. Due to the short timeframe involved, the court held a hearing the day after the petition was filed to determine who should control the sale of the house and, if it was sold, what should be done with the proceeds from the sale. The settlement agreement resolved those issues.

At the hearing, both respondent and petitioner stated that they wanted to sell the house, and respondent repeatedly and emphatically agreed to split the proceeds of the sale evenly with petitioner if the court allowed him to complete the sale of the house. Respondent's statements demonstrate that he understood the agreement he was making; further, the agreement involved something that a layperson could easily understand without an attorney. The probate court also explained that the order it would enter only dealt with the sale of the house and that questions regarding the validity of the trust and what assets, if any, were included in the trust or in the estate would be determined at a later date. Respondent has failed to demonstrate the presence of fraud, mutual mistake, duress, or unconscionable advantage as required to set aside a settlement agreement. *Clark*, 309 Mich App at 395.

Respondent also argues that he should be relieved from compliance with the probate court's order based on the grounds found in either MCR 2.612(C)(1)(a) or (f). We disagree. MCR 2.612(C)(1) provides:

On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

* * *

(f) Any other reason justifying relief from the operation of the judgment.

To set aside an order under MCR 2.612(C)(1)(f), the following three requirements must be met:

(1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. [*King v McPherson Hosp*, 290 Mich App 299, 304; 810 NW2d 594 (2010) (quotation marks and citations omitted).]

Respondent does not argue in his brief on appeal that any mistake, inadvertence, or excusable neglect occurred. While he does argue that he received inadequate notice of the hearing, it is not clear whether he is arguing that the purportedly inadequate notice constituted mistake, inadvertence, surprise, or excusable neglect. "An appellant may not, in his or her brief on appeal, simply announce a position or assert an error and then leave it to this Court to discover and rationalize the basis for the appellant's claims, unravel and elaborate upon the arguments, and search for authority to support his or her position." *1031 Lapeer, LLC v Rice*, 290 Mich App 225, 233-234; 810 NW2d 293 (2010). Further, the record shows that respondent elected to proceed with the hearing rather than delay it (and, presumably, risk delay of the sale of the house) in order to obtain representation. Respondent has not demonstrated that he is entitled to relief from the probate court's order under MCR 2.612(C)(1)(a).

Respondent has also failed to establish the requirements of MCR 2.612(C)(1)(f). "[R]elief is [generally] granted under subsection f only when the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *King*, 290 Mich App at 304 (quotation marks and citations omitted). Respondent does not allege that petitioner engaged in improper conduct, and the record shows that petitioner served respondent as soon as possible after filing the petition, which was occasioned by the imminent sale of the house. Therefore,

-4-

respondent's argument that he is entitled to relief from the probate court's order under MCR 2.612(C)(1)(f) is unpersuasive.[1]

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[1] Further, we note that respondent took a position before the probate court, which the probate court adopted, and which resulted in petitioner being denied any of her requested relief; yet respondent now takes the opposite position on appeal. Although the parties have not raised the issue, we note that respondent's arguments on appeal may well be barred by the doctrine of judicial estoppel. See *Spohn v Van Dyke Pub Sch*, 296 Mich 470, 479; 822 NW2d 239 (2012) ("Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.") (Quotation marks and footnotes omitted).