*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CECILY HOAGLAND,

      Plaintiff/Counterdefendant,

and

ODELL JONES III,

      Plaintiff/Counterdefendant-Appellant,

and

DEWAYNE R. HAYES, CYNTHIA HATHAWAY,
ZEVADIE HARRIS, and SAMMIE HARRIS,

      Plaintiffs,

v

1300 LAFAYETTE EAST COOPERATIVE INC,

      Defendant/Counterplaintiff-Appellee,

and

PPS OF MICHIGAN, LLC,

      Defendant-Appellee,

and

KIMBERLY BLACKMON, DEBORAH CARTER,
MARILY DOSCHER, MICHAEL HOLZHAUER,
CURTIS JENNINGS, ANTHONY MAREK,
SONYA MAYS, SIDNEY MCBRIDE, PATRICIA
MCKANNA, DAVID MORRISON, IZEGBE
N'NAMDI, PATRICIA REID-PORTER, TITO
SCHWARTZENBERG, CARMELLA SIGGERS,
and GREGORY WHITE,

UNPUBLISHED
May 14, 2026
2:19 PM

No. 370455
Wayne Circuit Court
LC No. 18-002483-CB

Defendants.

_____

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Odell Jones, appeals the trial court's order enforcing his settlement agreement with defendants. Because the agreement was binding, we affirm.

## I. BACKGROUND

Defendant, 1300 Lafayette East Cooperative, managed a 28-story residential building that suffered damage from water leaks on the top floor. The residents of the top floor, including plaintiff-appellant Jones, complained about the leaking roof and withheld payment of their monthly carrying charges due to the issue. The cooperative brought summary proceedings in district court against the residents regarding the unpaid carrying charges, but the proceedings were eventually stayed by stipulation of the parties.

Plaintiffs filed separate actions in the circuit court, which were then consolidated, for breach of contract, among other claims. Defendants counterclaimed for the unpaid carrying charges and eviction. After both sides' motions for summary disposition were unsuccessful in disposing of the case, the trial court scheduled a date for trial.

Before trial, defendants and plaintiffs Jones and Cecily Hoagland reached an agreement at a settlement hearing, including the following material terms: dismissal of this case and the district court case as a full and final settlement; payment by defendants to Hoagland and Jones to renovate their units within 90 days; coordination of renovations and sale of the units; stoppage of carrying charges for a certain period of time; waiver of past-due carrying charges; no attorney fees awarded; and contingency based on approval by the board of the cooperative. For each term, the trial court received approval from defense counsel, Hoagland's counsel, and Jones, who was proceeding pro per. The trial court retained jurisdiction to enforce the agreement's terms and directed the parties that they could further negotiate any remaining non-material terms.

Defendants moved to reinstate the case and moved to enforce the settlement because Jones and Hoagland did not accept defendants' proposed settlement agreement, which added dismissal of Jones's separate civil-rights action as a condition for settlement. Jones and Hoagland responded that the parties had placed the material terms on the record in open court at the settlement hearing. Months later, the parties still had not agreed on the language of the final settlement, but both sides agreed that the terms had been placed on the record. Defendants eventually agreed to remove the provision regarding dismissal of Jones's civil-rights action, and the trial court acknowledged that a resolution had been reached.

Jones then moved to reinstate the case, arguing that defendants had attempted to add conditions to the settlement that were not part of the record, and as a result, Jones contended that he withdrew his consent to settle. At the hearing, Jones acknowledged that the terms had been

discussed on the record but claimed that he had withdrawn his offer because defendants would not accept the terms.

After obtaining board approval of the agreement without the civil-rights condition, defendants again moved to enforce the settlement after Jones declined to sign the settlement. Jones explained to the trial court that he withdrew his offer to settle because six months had passed, and defendants proposed conditions outside of the material terms placed on the record.

The trial court noted that defendants acquiesced to removing the civil-rights condition and the only contingency, the approval of the settlement, had occurred. Therefore, the trial court found that the agreement was a binding settlement, not an offer that Jones could withdraw. Jones continued to refuse to sign the settlement, and the trial court directed the order to be entered with Jones's electronic signature. The trial court's order granted defendants' motion to enforce the settlement with the specific settlement agreement as an attachment.

Jones now appeals.

## II. ANALYSIS

On appeal, Jones argues that the trial court could not enforce an offer of settlement where the parties did not reach a mutual agreement. We review for an abuse of discretion the trial court's decision to enforce a settlement agreement. *In re Raymond T Conley Trust*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 366180); slip op at 3. An abuse of discretion occurred if the trial court's decision was outside the range of principled outcomes or relied on an error of law. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294; 14 NW3d 472 (2023).

To be enforceable, an agreement to settle a pending lawsuit must comply with MCR 2.507(G), *Dabish v Gayar*, 343 Mich App 285, 290; 997 NW2d 463 (2022), which provides the following:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney. [MCR 2.507(G).]

Like a contract or judgment, "a valid compromise and settlement is final, conclusive, and binding upon the parties." *Pedder v Kalish*, 26 Mich App 655, 657; 182 NW2d 739 (1970) (cleaned up).

At the settlement hearing, the trial court reviewed each material provision of the parties' agreement in open court, which were then reflected in the final written settlement agreement. Throughout the hearing, the trial court asked Jones whether he agreed with each provision of the agreement, and Jones affirmed his agreement. Further, Jones argued during his motion to reinstate the case that the agreement was binding, and he only changed his position later in the case.

Because the parties placed all material terms for a valid settlement on the record, and, therefore, there was a binding settlement under MCR 2.507(G), Jones is essentially asking the Court to rule that the trial court should have set aside the settlement agreement because of

-3-

defendants' delay. Although Jones's frustration with defendants' delay is understandable, "settlement agreements should not normally be set aside." *Metro Life Ins Co v Goolsby*, 165 Mich App 126, 128; 418 NW2d 700 (1987). "A change of heart" is not a sufficient justification for a party to disavow a settlement agreement once it has been reached. *Vittiglio v Vittiglio*, 297 Mich App 391, 399; 824 NW2d 591 (2012). Jones essentially had a change of heart due to defendants' delays, but this change does not undo an otherwise valid and binding settlement agreement.

Given Jones's agreement on the record to the material terms of the settlement, the parties reached a binding settlement. The only condition negotiated and stated on the record that could have made the settlement void was disapproval by the cooperative's board, but the settlement was eventually approved. Although the delay and attempts to negotiate additional considerations frustrated Jones, this dissatisfaction is not a ground to disavow the agreement. Therefore, the trial court did not err when it enforced the settlement agreement.

Jones raises additional issues on appeal, including the trial court's summary disposition decision, a failure to stay the proceedings, and an absence of contempt sanctions. These additional claims are moot. An issue before the Court is moot if our ruling "cannot for any reason have a practical legal effect on the existing controversy," and we are unable "to fashion a remedy." *Garrett v Washington*, 314 Mich App 436, 449-450; 886 NW2d 762 (2016).

It is impossible for this Court to grant any relief on Jones's claims against defendants that were resolved by the settlement agreement. For issues that may not have been resolved by the settlement agreement, e.g., possible sanctions for defendants' delay, Jones waived these issues by failing to raise them in the trial court. See *Tolas*, 347 Mich App at 289. Further, in light of the settlement to which he agreed, Jones has not shown that he is an aggrieved party, which is required to pursue an appeal. See *1373 Moulin, LLC v Wolf*, 341 Mich App 652, 658; 992 NW2d 314 (2022). Because Jones acquiesced to the material terms of the settlement in open court, no controversy remains.

## III. CONCLUSION

Given the binding settlement agreement, the trial court did not abuse its discretion in enforcing the agreement. Further, the settlement agreement has made plaintiff's other arguments moot.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle