KEYSER v KEYSER

Docket No. 111957. Submitted October 19, 1989, at Lansing. Decided February 5, 1990.

    Plaintiff, Dennis L. Keyser, and defendant, Bonnie J. Keyser, were married in June, 1972. In November, 1986, defendant informed plaintiff that she was having an affair and wanted a divorce. She also told him all she wanted was their pickup truck, her personal belongings, and custody of their two children. Plaintiff went to an attorney, who prepared the divorce papers, including a property settlement agreement giving defendant the truck, her clothing, and her personal belongings. Plaintiff was to receive the remaining marital assets and assume responsibility for the marital debts. Plaintiff brought the property settlement agreement home and defendant signed it. The complaint for divorce was filed in Tuscola Circuit Court and a default was entered when defendant did not respond to the summons and complaint. Defendant subsequently moved to set aside the default and the property agreement on the ground that she had not understood the ramifications of signing the agreement and had felt compelled to sign the agreement because of the manner in which plaintiff instructed her to sign. The court, Patrick Reed Joslyn, J., denied the motion to set aside the property settlement agreement and granted the divorce, incorporating the provisions of the property settlement agreement. Defendant appealed.

    The Court of Appeals held:

    The trial court did not err in finding that the property settlement was the product of the voluntary act of defendant and ought to be enforced. There was testimony that defendant had read the property agreement and was clearly aware of the parties' marital assets and debts. The terms of the agreement were consistent with defendant's request, and there is no evidence of fraud, duress or mutual mistake, or that defendant was under severe stress when she signed the agreement.

    Affirmed.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 831, 832.

See the Index to Annotations under Property Settlement.

MacKenzie, J., dissented. She would hold that the trial court should have considered not only whether defendant was coerced into signing the agreement, but also whether the agreement was unconscionable. She would reverse the order denying defendant's motion to set aside the agreement, vacate that portion of the subsequently entered divorce judgment which incorporated the agreement, and remand for further proceedings.

1. DIVORCE — PROPERTY SETTLEMENTS.

Courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which she was engaged; this rule applies whether the settlement is in writing and signed by the parties or their representatives or the settlement is orally placed on the record and consented to by the parties, even though not yet formally entered as part of the divorce judgment by the lower court.

2. DIVORCE — PROPERTY SETTLEMENTS — FINDINGS OF FACT.

The findings of a trial court concerning the validity of the parties' consent to a settlement agreement in a divorce action will not be overturned absent a finding of an abuse of discretion.

*Ransford, Crews & Burgess, P.C.* (by *Gary J. Crews*), for plaintiff.

*Sturtz & Sturtz, P.C.* (by *Philip R. Sturtz*), for defendant.

Before: DANHOF, C.J., and MacKENZIE and R. E. ROBINSON,* JJ.

DANHOF, C.J. Defendant appeals as of right from a Tuscola County trial court's order denying her motion to set aside a property settlement agreement. We affirm.

It is a well-settled principle of law that courts are bound by property settlements reached

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

through negotiations and agreement by parties to
a divorce action, in the absence of fraud, duress,
mutual mistake, or severe stress which prevented
a party from understanding in a reasonable man-
ner the nature and effect of the act in which she
was engaged. *Calo v Calo,* 143 Mich App 749, 753-
754; 373 NW2d 207 (1985). This rule applies
whether the settlement is in writing and signed by
the parties or their representatives or the settle-
ment is orally placed on the record and consented
to by the parties, even though not yet formally
entered as part of the divorce judgment by the
lower court. *Howard v Howard,* 134 Mich App 391,
394-395; 352 NW2d 280 (1984). The finding of the
trial court concerning the validity of the parties'
consent to a settlement agreement will not be
overturned absent a finding of an abuse of discre-
tion. *Id.,* pp 396-397.

The parties in this case were married in June,
1972. In November, 1986, defendant informed
plaintiff that she was having an affair and wanted
a divorce. Plaintiff testified that she told him that
she did not want anything from him and that her
boyfriend had property and money and had bought
her a diamond ring. Defendant told plaintiff that
all that she wanted was their pickup truck, her
personal belongings, and custody of their two chil-
dren. The parties attempted a reconciliation but
were unsuccessful when, in May, 1987, defendant
admitted that her affair had been ongoing.

On June 16, 1987, plaintiff saw a lawyer who
prepared the necessary divorce papers, including a
property settlement agreement. The agreement set
out that defendant was to receive the parties' 1977
pickup truck, her clothing and personal belong-
ings. Plaintiff was to receive the remaining mari-
tal assets and responsibility for the marital debts.
Plaintiff brought the property agreement home

and defendant signed it. Defendant claims that she signed it only because plaintiff told her that she "had to." The next day both parties went to plaintiff's attorney's office where defendant was served with a summons and complaint for divorce. The attorney's legal secretary testified that defendant told her that she had read and signed the property agreement and was neither coerced nor forced nor under duress when she signed it.

A default was entered when defendant did not respond to the summons and complaint. Defendant subsequently moved to set aside the default and property agreement. The trial court denied defendant's motion to set aside the property settlement and stated in pertinent part:

> The question before this Court is not whether the property settlement is "equitable" but whether the defendant freely, voluntarily and understandingly entered into and signed the agreement. This Court is of the opinion that the property settlement is the product of the voluntary act of the defendant and ought to be enforced. The testimony of the legal secretary is totally contrary to the testimony of Mrs. Keyser and dispels the claim of coercion or fraud.
>
> As a fact finder, I find that Mr. Keyser is far more credible than Mrs. Keyser, I find her story concerning the signing of the document at her home incredulous. The defendant has failed to establish fraud, duress or mutual mistake of fact. *Tinkle v Tinkle,* 106 Mich App 423; 308 NW2d 241 (1981).
>
> The motion to set aside the property settlement is therefore considered and denied. The Court is not impressed with the division of the property in this case, however, it is not the function of this Court to interfere with the rights of the parties to bargain away their marital estate. The underlying purpose is to encourage litigants to settle their

differences and to obviate the necessity of a contested hearing."

After a thorough review of the record, we find that the trial court did not err in its findings. There was testimony that defendant had read the property agreement and was clearly aware of the parties' marital assets and debts. Under these circumstances, we find that the terms of the property agreement were consistent with defendant's request. We find no evidence of fraud, duress or mutual mistake or that defendant was under severe stress when she signed the property settlement agreement.

Affirmed.

R. E. ROBINSON, J., concurred.

MACKENZIE, J. (dissenting). I disagree with the majority's conclusion that the trial court properly refused to set aside the parties' property settlement agreement. In my view, the court should have considered not only whether defendant was coerced into signing the agreement, but also whether the agreement was unconscionable. Accordingly, I would reverse the order denying defendant's motion to set aside the agreement, vacate that portion of the subsequently entered divorce judgment which incorporated the agreement, and remand for further proceedings.

The parties' settlement of a pending controversy is favored by the courts and such a settlement should only be voided on satisfactory evidence of mistake, fraud, or unconscionable advantage. See *Groulx v Carlson,* 176 Mich App 484, 489; 440 NW2d 644 (1989), and *Pedder v Kalish,* 26 Mich App 655, 657; 182 NW2d 739 (1970). A divorce case is equitable in nature, and a court of equity molds

its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy. *Wiand v Wiand,* 178 Mich App 137, 144; 443 NW2d 464 (1989), quoting *Schaeffer v Schaeffer,* 106 Mich App 452, 457-458; 308 NW2d 226 (1981). Thus, the equities of a property settlement agreement reached by the parties to a divorce action may be considered where the record indicates that the settlement may be unconscionable. See *Howard v Howard,* 134 Mich App 391, 400; 352 NW2d 280 (1984).

In this case, in its opinion denying defendant's motion to set aside the property settlement agreement, the trial court clearly recognized the uneven distribution of assets for which the parties' property settlement agreement provided. That recognition is amply borne out by the record. At the hearing on defendant's motion, plaintiff-husband's testimony indicated that the total net worth of the parties' marital assets, exclusive of personal property, was in excess of $94,000. He also testified that the property awarded to defendant-wife under the property settlement agreement, i.e., the pickup truck, had a value of $2,500. Assuming that the husband's testimony was correct, this means that the property settlement agreement awarded the wife less than three percent of the marital estate while awarding the husband more than ninety-seven percent. Such a distribution can only be characterized as unconscionable.

Furthermore, while the circumstances surrounding the wife's signing of the property settlement agreement may not have risen to the level of coercion, I believe that they were indicative of unconscionable advantage. The parties were clearly in an unequal bargaining position. The husband had spoken to an attorney regarding the

divorce and the property settlement. The wife, on the other hand, signed without benefit of advice of counsel. Moreover, the husband's testimony indicates that when the wife signed the agreement, he assured her that if she decided she was unhappy with its provisions she could get a lawyer to appeal its terms and argue for changes. Under the majority's view, this assurance was completely false. Obtaining the wife's signature with misinformation and without an opportunity to confer with an attorney, in my opinion, amounts to unconscionable advantage in bargaining.

The inequity of this property settlement agreement and the manner by which it was obtained mandate that the agreement be set aside. I would therefore reverse and remand for an equitable distribution of the parties' assets by the trial court.