# STATE OF MICHIGAN

# COURT OF APPEALS

BETHANY BERTRAND,

        Plaintiff-Appellant,

v

THOMAS BERTRAND,

        Defendant-Appellee.

UNPUBLISHED
May 16, 2017

No.  332836
Alpena Circuit Court
LC No.  13-005635-DM

Before:  SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

     Plaintiff appeals from an order of the circuit court granting defendant's motion to amend the judgment of divorce.  We affirm.

     The parties were divorced pursuant to a judgment of divorce entered on April 22, 2014. The judgment was entered at the hearing at which the required proofs were taken.  The parties had previously met and produced a handwritten agreement regarding the property settlement, which both had signed.[1]  Among other things, the agreement set forth the division of the parties' retirement accounts and provided that plaintiff would pay the outstanding balance on a MasterCard credit card account out of her share of the retirement accounts.

     This dispute arose when, after the entry of judgment, it was discovered that the disposition of the outstanding credit card debt had not been provided for in the divorce judgment. After defendant was unsuccessful in obtaining plaintiff's stipulation to an amended judgment, he filed a motion in the trial court to amend the judgment.  Following a hearing, the trial court issued an opinion that concluded that defendant was entitled to relief because it "is plainly apparent from the settlement agreement that the parties intended the issue to be included in their judgment of divorce."  (Opinion and order dated 1/27/2016.)  The trial court also rejected

---

[1] In her brief on appeal, plaintiff refers to this as the "alleged settlement agreement."  But plaintiff does not actually dispute that she did sign the agreement; nor is her argument on appeal based upon such an argument.

plaintiff's argument that she would be entitled to relief from judgment if the trial court granted defendant's requested amendment, arguing that the provision was inequitable. Plaintiff now appeals.

On appeal, plaintiff provides an extensive review of the law of divorce judgments and settlement agreements. In particular, plaintiff provides an exhaustive review of property settlement agreements separate from the judgment and the distinction between such agreements (1) that are incorporated by reference and are merged into the judgment and (2) those that are not merged. While instructive, it is irrelevant to this case because the settlement between the parties was not incorporated by reference. What plaintiff avoids coming to terms with is that the original divorce judgment completely overlooked the issue of the disposition of the credit card debt. This was an issue that had to be dealt with in the judgment and was not. Therefore, the trial court had little choice but to amend the judgment to include a provision relative to the debt. The only issue is whether the trial court properly did so.

Plaintiff conflates the effect of a separate property settlement agreement that is incorporated into a judgment with a requirement that where the parties reach an agreement it must be incorporated by reference into the judgment. But we are not aware of any such requirement, nor does plaintiff provide any authority to establish such a requirement.

Plaintiff's brief does provide a relevant legal principle. Citing *McBride v Foutch*, 140 Mich App 837; 366 NW2d 58 (1985), plaintiff acknowledges in her brief that the "written judgment must accurately reflect the terms stipulated by the parties" and that goes directly to the issue here. Namely, that the written judgment did not, in fact, accurately represent the agreement of the parties. As the *McBride* Court stated, *id.* at 844, "[p]roperty settlement provisions placed on the record and consented to by the parties with their attorneys present are not to be modified upon the signing of the judgment of divorce in the absence of fraud, duress or mutual mistake." The only difference here is that the parties set out their settlement in writing rather than placing it orally on the record. We see no significance in that difference. See *Keyser v Keyser*, 182 Mich App 268, 269; 451 NW2d 587 (1990) ("It is a well-settled principle of law that courts are bound to property settlements reached through negotiations and agreement by the parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which she was engaged.") *Lentz v Lentz*, 271 Mich App 465, 473; 721 NW2d 861 (2006) (voluntarily negotiated agreements should be enforced as written).

In sum, because the divorce judgment did not incorporate the property settlement by reference, the terms of the parties' agreement must have been included in the judgment itself. And, absent fraud, duress or mutual mistake, none of which plaintiff alleges, the judgment must accurately reflect the parties' agreement. It did not. Therefore, the trial court properly amended the judgment so that it did accurately reflect the parties' agreement.

Plaintiff presents a second issue that the trial court erred in granting plaintiff relief from the amended judgment because, under the amended judgment, defendant now received an inequitable portion of the marital assets under the settlement agreement. Plaintiff, however,

presents no argument to support why the division of assets was inequitable. And, more importantly, it overlooks the fact that she agreed to the property settlement. See *Lentz, supra*.

Affirmed. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher