*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MONICA TURNER,

        Plaintiff-Appellant,

v

LLOYD TURNER, JR.,

        Defendant-Appellee.

UNPUBLISHED
February 10, 2022

No. 354495
Ingham Circuit Court
LC No. 19-001214-DO

Before: GLEICHER, C.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Negotiation and settlement are part of any civil lawsuit, including domestic relations matters. For negotiations to work, the opposing parties must be able to take the other side—both the party and the attorney—at their word. Promoting this purpose, the Michigan Court Rules provide that agreements subscribed to in writing and signed by the party or the party's attorney are binding. Here, the parties negotiated a consent judgment of divorce both in person and through a series of emails. At the close of negotiations, Monica Turner's attorney drafted the necessary documents and signed them, along with Lloyd Turner, Jr. and his attorney. This judgment was a contract binding on both parties, despite Monica's later disagreement and the court properly entered the consent judgment. We affirm.

## I. BACKGROUND

Monica Turner filed for divorce from Lloyd Turner, Jr. following a lengthy marriage. The parties and their attorneys participated in an informal negotiation in defense counsel's office and allegedly agreed to all the terms of a divorce judgment except the amount of spousal support. At the meeting, Monica rejected Lloyd's offer of $1,000 monthly for ten years. In a December 23, 2019 email, Monica's counsel submitted as a settlement offer a chart valuing the parties' assets and debts and outlining the division of each line item. "The only difference in the chart" from the numbers discussed during the negotiation, counsel stated, was that spousal support was set at $1,200 monthly. Lloyd's counsel replied, "My client accepts, but we need to firm up the debts. Meaning he will assume liability for the known debts as of 'x' date," and would not take responsibility if Monica continued incurring debt. Following this agreement, Monica's counsel

submitted a draft consent judgment of divorce to Lloyd's counsel. Both Lloyd and his attorney signed it. Monica's counsel signed as well. Monica would not.

At a hearing on January 21, 2020, Monica's attorney described the negotiation process and asserted that "[s]ubsequent emails back and forth between the parties . . . resulted in a resolution of all issues." He then drafted the consent judgment, uniform support order, and eligible domestic relations order consistent with the negotiated terms. Counsel expressed frustration with his client, noting that she previously had agreed to the terms, they were negotiated with her knowledge, and he had explained everything in detail. Counsel stated his intent to withdraw based on a breakdown in the attorney-client relationship and asked for an adjournment of two months to allow Monica to secure new representation. The court ordered Monica's counsel to file a motion to withdraw and instructed Monica to hire new counsel and file objections to entry of the judgment. The court declined to adjourn the matter further, however.

Monica filed in pro per objections to the entry of the consent divorce judgment. The objections were dated February 14, but were not filed until February 18, the day of the court's next hearing. Monica contended that she was not given adequate opportunity to review the draft consent judgment before her attorney signed it. The copy sent to her, Monica complained, contained errors and blank spaces where important terms were not filled in. One of Monica's concerns was that she was awarded a vehicle that had remained in Lloyd's possession during the divorce proceedings and he had not made required payments. Accordingly, Monica was being awarded a vehicle that was on the cusp of repossession. She also complained that Lloyd had drained his retirement plans with secret withdrawals and loans, reducing her 50% share. And Monica asserted that she instructed her attorney to accept no less than $1,800 monthly in spousal support.

At the February 18 hearing, the court granted Monica's counsel's motion to withdraw. The court declined to consider Monica's late-filed objections. Ultimately, the court determined that Monica's attorney had apparent authority to agree to the settlement and entered the consent judgment. We granted Monica's application for leave to appeal. *Turner v Turner*, unpublished order of the Court of Appeals, entered January 4, 2021 (Docket No. 354495).

## II. ANALYSIS

"Consent judgments of divorce are contracts and [are] treated as such." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017). As with any settlement agreement, consent judgments "reached through negotiations and agreement" are binding and cannot by easily set aside or disavowed. *Vittiglio v Vittiglio*, 297 Mich App 391, 399-400; 824 NW2d 591 (2012).

Monica contends that she did not consent or agree to the judgment as she did not sign it or authorize her attorney to sign it. A consent judgment or settlement agreement signed by a party's attorney can bind that party. MCR 2.507(G) provides that "[a]n agreement or consent between the parties or their attorneys . . . is not binding [1] unless it was made in open court, or [2] unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered *or by that party's attorney*." (Emphasis added.) There is no question that the consent judgment was in writing. It is equally clear that Monica did not sign the judgment herself. However, Monica is bound by the agreement based on her attorney's signature.

A party's attorney can bind the party to a settlement or consent even where the party does not give the attorney actual authority to do so. Where the attorney has "apparent authority" to enter an agreement on his or her client's behalf, it would be unjust to the opposing party to set it aside. As noted by this Court in *Nelson v Consumers Power Co*, 198 Mich App 82, 89-90; 497 NW2d 205 (1993), quoting *Capital Dredge & Dock Corp v Detroit*, 800 F2d 525, 530 (CA 6, 1986), " 'when a client hires an attorney and holds him out as a counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter.' " *Nelson*, 198 Mich App at 90, quoting *Capital Dredge*, 800 F2d at 530. An opposing party " 'is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions . . . unless [the opposing party] has reason to believe that the attorney has no authority to negotiate a settlement.' " *Nelson*, 198 Mich App at 90, quoting *Capital Dredge*, 800 F2d at 530-531. An attorney can bind his or her client in this manner, even in a divorce proceeding. *Keyser v Keyser*, 182 Mich App 268, 270; 451 NW2d 587 (1990) (noting that the court and parties in a divorce action are bound by settlements that are "in writing and signed by the parties or their representatives"). The injured client's remedy is not against the opposing party but against his or her attorney in malpractice. *Nelson*, 198 Mich App at 90.

Monica insists that her retained counsel lacked authority to bind her to the consent judgment because he acted against her expressed wishes. Even if that is true, Lloyd and his attorney had no reason to believe that Monica's attorney lacked authority to negotiate or lacked his client's permission to accept the terms provided. During the in-person negotiation, Monica requested $2,400 in monthly spousal support payments and rejected Lloyd's offer of $1,000. Lloyd and his attorney were justified in treating subsequent emails from Monica's attorney as a continuation of that negotiation. And there simply is no evidence that Lloyd or his counsel were aware of any disagreement between Monica and her attorney regarding any of the other judgment terms. Accordingly, Monica is bound by her attorney's acceptance of the agreement and the trial court did not err in entering the consent judgment.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Anica Letica

-3-